UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASPER FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02445-SEB-TAB |
| | ) | |
| GARB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting in Part Motion to Reconsider and Denying Motion to Amend**

Plaintiff Jasper Frazier is currently incarcerated in a New Jersey state prison. He filed this civil action alleging that his rights were violated when he was incarcerated at New Castle Correctional Facility ("NCCF"). The Court screened Mr. Frazier's complaint as required by 28 U.S.C. § 1915A in the Order of April 26, 2022. Dkt. 53. Mr. Frazier has since filed a motion to reconsider the screening order and a motion to amend.

## I. Background

Mr. Frazier's complaint raised 10 categories of claims against 18 defendants. His claims ranged from allegations that prison staff and other inmates have spied on his electronic and phone communications, that other inmates assaulted him, and that he was subjected to unconstitutional conditions, among other things. In the screening order, the Court allowed the following claims to proceed:

- Mr. Frazier's claim that Defendants Worth, Garb, Dunn, Jones, and Bookout denied his property, including soap, clean clothes, and a blanket to stay warm, among other things, shall proceed under the Eighth Amendment.

- The claim that Defendants Worth and Dunn treated a white inmate differently than they treated him shall proceed as an equal protection claim under the Fourteenth Amendment.

- The claim that Defendant Worth subjected Mr. Frazier to a retaliatory bed move and told him he would never get his property in that unit shall proceed under the First Amendment.

- The claim that Defendant Dunn allowed another inmate to spray Mr. Frazier with urine and feces shall proceed under the Eighth Amendment.

- Defendants Bookout and Worth illegally recorded a telephonic settlement conference shall proceed under the Federal Wiretap Act.

- The claim that Defendant Jones shut off the power to Mr. Frazier's cell in retaliation and subjected him to a retaliatory shakedown, taking his legal documents, shall proceed under the First Amendment.

Dkt. 53. Other claims were dismissed for failure to state a claim upon which relief can be granted or as improperly joined. *Id.*

## II. Motion to Reconsider

In his motion to reconsider, Mr. Frazier asks the Court to reconsider the dismissal of the claims against defendants Carter, Sevier, Fitch, T. Cochran, Jama Jones, Lt. Outlaw, Global Tel Link (GTL), and Megan Pennington.

First, Mr. Frazier contends that defendants Carter, Sevier, Fitch, French, and Davis knew that officers illegally wiretapped his federal phone calls and that he wrote to these defendants regarding his contention that Sergeant Worth, and Officers Dunn and Jones denied his personal property and that the inmate who assaulted him with urine and feces was allowed to have a prison job. But mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single

prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). Accordingly, the motion to reconsider is **DENIED** as to these claims.

Mr. Frazier also alleges that when he complained about his property, defendant French told him he would not get any property unless he moved back to M-Unit. The motion to reconsider is **DENIED** as to this claim. Mr. Frazier's claim that his property was taken is proceeding against defendant Worth as a retaliation claim. Mr. Frazier has not sufficiently alleged that defendant French similarly acted with retaliatory intent. *See Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (To state a First Amendment retaliation claim, Archer must allege that: (1) she engaged in activity protected by the First Amendment; (2) she suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity she engaged in was at least a motivating factor for the retaliatory action.).

Next, Mr. Frazier suggests that his claim against defendant Cochran should proceed in this case because if defendant Cochran had not transferred him to New Castle Correctional Facility, none of these other incidents would have happened. But this is too tenuous of a connection with his claims that are proceeding in this case to make their joinder appropriate. The motion to reconsider is therefore **DENIED** as to this claim. This does not preclude Mr. Frazier from filing a separate lawsuit against Cochran if he wishes to do so.

Mr. Frazier also argues that defendant Jama Jones created a hostile environment for him by "recruiting her boyfriend Brian Worth." Dkt. 62 at 6. The motion to reconsider is **GRANTED** as to this claim. Because Mr. Frazier alleged in the complaint that Ms. Jones "instructed" Sergeant Worth to deny his personal property and soap, in retaliation for his filing a grievance, this claim

shall proceed along with the same claim against Sergeant Worth under the First and Eighth Amendments.

Mr. Frazier further alleges that Lt. Outlaw participated in false disciplinary charges against him and denied him warm clothes. The motion is **DENIED** as to the claim regarding the disciplinary charges for the same reasons discussed in the screening order. The motion is **GRANTED** as to the claim that Lt. Outlaw denied Mr. Frazier warm clothes. This claim shall proceed along with the similar claim against Defendants Wroth, Garb, Dunn, Jones, and Bookout.

Finally, Mr. Frazier makes a number of claims against GTL and Megan Pennington. But those defendants were not identified as defendants in the original complaint. Further, Mr. Frazier's allegations that GTL allowed his personal communications to be monitored by other inmates is not properly joined to the claims that are proceeding. Accordingly, Mr. Frazier did not state a claim against these defendants in this original complaint. The motion to reconsider is therefore **DENIED** as to these claims.

### III. Motion to Amend

Mr. Frazier also seeks leave to file a 95-page amended complaint that apparently raises many of the same claims that were dismissed by the Court's screening order. The unwieldy proposed amended complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ." *See United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity

to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

The Seventh Circuit has explained:

> When screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). A prisoner may join defendants in the same action only if the claims against each one "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." Fed. R. Civ. P. 20(a)(2)(A); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). . . . Out of concern about unwieldy litigation and attempts to circumvent the PLRA's fee requirements, we have urged district courts and defendants to beware of "scattershot" pleading strategies. *E.g., Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). We target for dismissal "omnibus" complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants. *E.g., Evans*, 878 F.3d at 561; *Hinsley*, 635 F.3d at 952.

*Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

The Court has already addressed Mr. Frazier's original complaint and his motion to reconsider the screening order, explaining which claims are viable and which are improperly joined. Because the proposed Amended Complaint violates Rule 8(a)(2), the motion to amend is **DENIED**. The claims that are proceeding are those discussed in this ruling. Mr. Frazier may seek leave to file an amended complaint again, but any proposed amended complaint must be concise and must address only claims that are properly joined to the claims that are now proceeding.

### IV. Conclusion

As discussed above, Mr. Frazier's motion for reconsideration, dkt. [62], is **GRANTED IN PART AND DENIED IN PART**. The motion to amend, dkt. [63], is **DENIED WITHOUT PREJUDICE**. The motion to clarify the amended complaint, dkt. [64], is **DENIED AS MOOT**. His motion for clarification, in which he requests the Court to clarify whether it received his motion for reconsideration, dkt. [65], is **GRANTED** only to the extent that he is notified that the Court

did receive that motion. His motion for a telephone conference, dkt. [66], is **DENIED WITHOUT PREJUDICE** because a conference is not necessary at this time. Finally, Mr. Frazier's motion to file an opposition to the answer, dkt. [76], is **DENIED** because no opposition to an answer is necessary.

Consistent with this Order and the screening order, the claims that are proceeding are:

- Mr. Frazier's claim that Defendants Worth, Garb, Dunn, Jones, Bookout, Jama Jones, and Lt. Outlaw denied his property, including soap, clean clothes, and a blanket to stay warm, among other things, shall proceed under the Eighth Amendment. This claim shall also proceed against Jama Jones under the First Amendment.

- The claim that Defendants Worth and Dunn treated a white inmate differently than they treated him shall proceed as an equal protection claim under the Fourteenth Amendment.

- The claim that Defendant Worth subjected Mr. Frazier to a retaliatory bed move and told him he would never get his property in that unit shall proceed under the First Amendment.

- The claim that Defendant Dunn allowed another inmate to spray Mr. Frazier with urine and feces shall proceed under the Eighth Amendment.

- Defendants Bookout and Worth illegally recorded a telephonic settlement conference shall proceed under the Federal Wiretap Act.

- The claim that Defendant Jones shut off the power to Mr. Frazier's cell in retaliation and subjected him to a retaliatory shakedown, taking his legal documents, shall proceed under the First Amendment.

The **clerk shall add** Jama Jones and Lt. Outlaw as defendants on the docket. The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Jama Jones and Lt. Outlaw in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and

Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 8/4/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPER FRAZIER
000799545B
NORTHERN STATE PRISON
168 Frontage Rd
Newark, NJ 07114-2300

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Jama Jones
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Lt. Outlaw
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362