UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASPER FRAZIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-02445-SEB-TAB ) |
| GARB, et al., | ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jasper Frazier alleges in this lawsuit that, when he was confined at New Castle Correctional Facility ("NCCF"), the defendants violated his rights in a number of ways. Defendants Captain Garb, Lieutenant Outlaw, Sergeant Worth, Officer Dunn, Officer Jones, and Officer Bookout seek summary judgment on Mr. Frazier's claims.[1] For the reasons below, that motion is **GRANTED**.

I.
Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because

---

[1] The clerk has entered default against Defendant Jama Jones and Mr. Frazier's request for default judgment against her will be addressed separately.

those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). Indeed, this Court's Local Rule 56-1(e) requires:

> A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief. The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.

Although Mr. Frazier filed a designation of evidence, dkt. 289, a statement of material facts in dispute, dkt. 294, and hundreds of pages of exhibits, dkts. 295, 296, 297, his designation of evidence does not contain citations to specific pages or paragraphs of the designated evidence as required.[2] The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). That is the case here. The Southern District of Indiana's Local Rule 56-1 shall be enforced. *See also McNeil v. United States*, 508 U.S. 106, 113 (1993).

---

[2] The Court notes that Mr. Frazier has been a frequent litigator in this Court and has demonstrated his ability to cite to the record. *See Frazier v. Carter, et al.*, 2:19-cv-321-JPH-MJD, dkt. 335.

Because Mr. Frazier did not cite to specific pages of the designated evidence, the Court need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

On February 3, 2021, Mr. Frazier was involved in a racial confrontation with another inmate, in which the other inmate called him a slur. Dkt. 256-3 at 1 (Gard's Requests for Admission). Defendants Worth and Gard were not involved in this confrontation. Dkt. 256-1 (Worth's Second Requests for Admission); dkt. 256-3 at 2. Both inmates were escorted away. Dkt. 256-3 at 3. Defendant escorted Mr. Frazier to the shower. Dkt. 256-5 at 2 (Dunn's Requests for Admission). As a part of the escort process, the property of the inmate being escorted is withheld pending an inventory. Dkt. 256-3 at 4 (Dunn's Requests for Admission). Mr. Frazier was transferred to the Restrictive Housing Unit ("RHU") and the defendants did not deny him any property, including warm clothing or bedding, or commissary items. Dkt. 256-5 at 5-6; dkt. 256-3 at 5; dkt. 256-10 at 2 (Bookout Requests for Admission).

Defendant Outlaw did once deny Mr. Frazier sweats and thermals as his housing unit prohibited these items for all inmates housed there. Dkt. 256-12 at 6 (Outlaw Requests for Admission); 256-13 at 3 (Outlaw Interrogatories). Mr. Frazier otherwise was provided all items or permitted property as allowed by the policy of the unit in which he was housed, regardless of his race. Dkt. 256-4 at 5 (Gard's Interrogatories). Defendants Jones and Dunn provided commissary

3

and property during the time at issue and did so based on the allowance of the unit. Dkt. 256-2 at 23, 31 (Worth Interrogatories).

Defendant Worth was not involved in any of the Mr. Frazier's bed moves during the relevant time. *See* dkt. 256-2 at 29.

Defendant Jones did pass out personal property to offenders, including Mr. Frazier, and was asked for hygiene products but did not know what products Mr. Frazier purchased. Dkt. 256-8 at 17-19 (Garb Requests for Admission). Moreover, there were several staff people available to Mr. Frazier from whom he could secure bedding. *See* dkt. 256-9 at 6 (Jones Interrogatories).

Staff at NCCF do not have access to Global Tel Link (GTL) information as that was an entity separate from NCCF and the IDOC. Dkt. 256-1 at 10; dkt. 256-2 at 2, 19; dkt. 265-4 at 2 (Garb Interrogatories). On February 26, 2021, Defendants Worth and Dunn escorted Mr. Frazier to a federal conference call. Dkt. 256-2 at 12. None of the defendants wiretapped Mr. Frazier's phone calls. Dkt. 256-3 at 11; dkt. 256-1 at 9.

Finally, Defendant Dunn denied treating any inmate differently based on race and denies any memory of an incident in which another inmate threw bodily fluids on Mr. Frazier. Dkt. 256-5 at 5-6; dkt. 256-6 at 18.

### III.
### Discussion

The defendants seek summary judgment on Mr. Frazier's Retaliation, Eighth Amendment, Fourteenth Amendment, and Federal Wiretap Act claims.

**A. Retaliation**

Mr. Frazier contends that defendant Worth subjected him to a retaliatory bed move and threatened to withhold his property in violation of the First Amendment.

To succeed on a First Amendment retaliation claim, a plaintiff must come forward with evidence sufficient to allow a reasonable jury to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). If he does so, the burden shifts to the defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 668, 680 (7th Cir. 2020). If they can make that showing, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

Defendant Worth argues that Mr. Frazier has not shown that he participated in any protected First Amendment activity before he was moved. Indeed, the properly designated evidence reveals that Mr. Frazier was moved because of a confrontation with another inmate. *See* Dkt. 256-5 at 2. Because Mr. Frazier has not designated evidence that he participated in First Amendment activity before the bed move or that he was moved because of First Amendment activity, rather than a confrontation, Mr. Worth is entitled to summary judgment on his retaliation claim.

### B. Eighth Amendment

Mr. Frazier contends that defendants Worth, Gard, Dunn, Jones, and Bookout denied him property, including soap, clean clothes, sweats and thermals, or a blanket in violation of his Eighth Amendment rights. He also alleges that defendant Dunn allowed another inmate to throw bodily fluids on him.

### 1. Conditions of Confinement

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind — that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

The designated evidence reveals that when inmates are escorted out of their units, their property is withheld pending an inventory. Dkt. 256-3 at 4. And there is no designated evidence that Mr. Frazier was deprived of any of his necessary property for a significant period. When Mr. Frazier was transferred to the RHU, he was provided all of the property allowed by the rules of that unit. Dkt. 256-4 at 5; dkt. 256-2 at 23, 31. Defendant Outlaw once denied him sweats and thermals, but those items were not allowed. Dkt. 256-12 at 6. And there is no designated evidence that Mr. Frazier was denied all warm clothing or bedding. *See* dkt. 256-3 at 5. Because there is no designated evidence that the defendants denied Mr. Frazier necessary hygiene products or warm clothing, they are entitled to summary judgment on this claim.

### 2. Bodily Fluids

Mr. Frazier also alleges that Defendant Dunn allowed another inmate to spray urine and feces on him. Correctional officials can incur liability for failing to protect an inmate from assault they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); s*ee also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010).

Dunn affirms that had no knowledge of an inmate spraying bodily fluids on Mr. Frazier. Dkt. 256-5 at 5-6; dkt. 256-6 at 18. There is no evidence that Dunn was aware of any threat of assault by bodily fluid to Mr. Frazier. Accordingly, he is entitled to summary judgment on this claim.

### C. Equal Protection

Mr. Frazier also alleges that defendants Worth and Dunn treated a white inmate differently than him in violation of his equal protection rights under the Fourteenth Amendment. To succeed on this claim, Mr. Frazier must present evidence that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).

The only properly designated evidence regarding Mr. Frazier's treatment compared to that of other inmates is that Mr. Frazier and another inmate were involved in an incident where each were escorted away from the incident. Dkt. 256-3 at 3. The evidence further shows that, in the RHU, Mr. Frazier was provided his property that was allowed by the policy of that housing unit, regardless of his race. Dkt. 256-4 at 5. Because Mr. Frazier has not designated evidence that he

7

was treated differently than other inmates because of his race, the defendants are entitled to summary judgment on his equal protection claim.

### D. Federal Wiretap Claim

Mr. Frazier contends that defendants Bookout and Worth illegally recorded a telephonic conference call in a federal lawsuit and intercepted GTL calls and messages, in violation of the Federal Wiretap Act.

The Federal Wiretap Act prohibits any person from intentionally intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept any wire, oral, or electronic communication. *See* 18 U.S.C. § 2511. Section 2250 creates a private right of action for violations of the Act. Under this statute, Mr. Frazier must not only prove that the defendants illegally recorded his federal conference call or GTL calls and messages, but that they did so intentionally. *See Citron v. Citron,* 722 F.2d 14, 16 (2nd Cir. 1983), *cert. denied,* 466 U.S. 973 (1984).

It is undisputed that GTL is a separate entity from NCCF and NCCF staff do not have access to GTL information. Dkt. 256-1 at 10; dkt. 256-2 at 2, 19; dkt. 265-4 at 2. Further, although defendants Worth and Dunn once escorted Mr. Frazier to a federal conference call, none of the defendants wiretapped his calls. Dkt. 256-3 at 11; dkt. 256-1 at 9. Because there is no evidence that any of the defendants intentionally recorded Mr. Frazier's phone calls, they are entitled to summary judgment on his Federal Wiretap Act claim.

### IV.
### Ancillary Motions

Mr. Frazier has filed several motions related to the summary judgment filings. First, his motion to inform regarding ombudsman exhibit, dkt. [303], in which he asks the Court to consider an exhibit that was not initially filed with the response to the motion for summary judgment is

8

**DENIED**. As discussed above, Mr. Frazier did not properly cite to any evidence, including with citations to the referenced exhibit. His motions to inform in which he states he was not able to use a typewriter to draft his response, dkt. [277], dkt. [290], are **GRANTED** to the extent his handwritten response was accepted. His motion to respond, in which he asks the Court not to consider him to be a nuisance, dkt. [282], is **GRANTED** to the extent his filings were considered as appropriate under the Rules.

## V.
## Conclusion

The motion for summary judgment filed by Defendants Captain Garb, Lieutenant Outlaw, Sergeant Worth, Officer Dunn, Officer Jones, and Officer Bookout, dkt. [255], is **GRANTED**. The clerk shall **terminate** these defendants on the docket. The Court will address the claims against defendant Jama Jones separately.

Date: _____9/4/2024_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPER FRAZIER
000799545B
EAST JERSEY STATE PRISON
East Jersey State Prison
1100 Woodbridge Rd
Rahway, NJ 07065

JAMA JONES
Walton Correctional Facility
691 Institution R.
Defuniak, FL 32433

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com